C. E. FREY, ET AL. *v.* M. J. BAKER, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—663.]

**Construction of Terms of a Will.**

Where a testator by will partitions his land between his two children, naming a fence as the boundary, thinking that it runs directly east and west, and naming the east and west corners of his daughter's land, the fence forms the boundary between the legatees, notwithstanding a direct line drawn between said points would vary from the line of the fence.

APPEAL FROM GRANT CIRCUIT COURT.

March 13, 1886.

OPINION BY JUDGE LEWIS:

The contest in this case is between appellant, Columbus E. Frey, and appellee, Minnie J. Baker, children and devisees of Henry H. Frey, deceased, as to true location of the division line between two tracts of land devised to them respectively, which depends upon the construction of the will, the two claims in question being as follows:

2. "To my daughter, Minnie J. Baker, a part of the land on the north side of the said Broadridge road, and said part is to front on the Broadridge road and to run back with the Independence road on the west side to the fence that divides the land owned by me on the north side of said Broadridge road. The said fence runs east and west and starts at the east end of the fence."

3. "To my son, Columbus E. Frey, the remaining part of my land, lying north of said Broadridge road and north of said fence running east and west."

By the second claim one corner of the land given to Minnie J. Baker is clearly fixed at the point where the Independence road intersects the line of fence, for the language is "said part is to front on the Broadridge road and to run back with the Independence road on the west side to the fence that divides the land owned by me on the north side of said Broadridge road." Another corner is as clearly fixed at the eastern end of the fence, for the language is: "and starts at the east end of the fence." Both the most easterly corner and most westerly corner being thus established and described by known and designated objects, the only way to close the survey is to run the line from one to the other. But the testator evidently intended the line not to be straight but to run with the fence from one end of it to the other, for he indicates the fence as the line in the next clause when he says: "To my son, Columbus E. Frey, the remaining part of my land, lying north of said Broadridge road and north of said fence running east and west." It is true a survey has shown that the fence does not run due east and west. But the testator evidently believed it did, for he said so. Therefore to run the division line from one to the other of the cardinal points, as since ascertained, would not only be contrary to his expressed intention but a departure from one of the corners designated by him. In our opinion the fence is the true division line, and the court below erred in adjudging it to be at a point on the Independence road due west from the eastern end of the fence. The judgment must be *reversed* and cause remanded for further proceedings consistent with this opinion.

*Warren Montfort, H. Clay White, for appellants.*

*C. C. Crain, for appellees.*